# COMMONWEALTH OF VIRGINIA



NORFOLK CIRCUIT COURT
Civil Division
150 ST. PAUL'S BLVD 7TH FLOOR
NORFOLK VA 23510
(757) 389-8942

Summons

To: LOWE'S HOMES CENTER
CORPORATION SERVICE COMPANY
REGISTERED AGENT
100 SHOCKOE SLIP FLOOR 2
RICHMOND VA 23219

Case No. 710CL21003368-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, March 22, 2021

Clerk of Court: GEORGE E. SCHAEFER III

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: ALBISTON, GEORGE T
757-625-1011

SERVED BY
DRISKELL SERVICES, INC.
757-961-6961

EXHIBIT 4

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

CLAYTON MABRY

    Plaintiff,

v.

LOWE'S HOME CENTERS

    LAW NO:
    PLAINTIFF DEMANDS A TRIAL
    BY JURY

**SERVE:** Lowe's Home Centers
    Corporation Service Company, Registered Agent
    100 Shockoe Slip, Floor 2
    Richmond, VA 23219

&

CAL CARTAGE WAREHOUSING & TRANSLOADING, LLC

**SERVE:** Cal Cartage Warehousing & Transloading, LLC
    Corporation Service Company, Registered Agent
    100 Shockoe Slip, Floor 2
    Richmond, VA 23219

    Defendants.

## *COMPLAINT*

TAKE NOTICE that the plaintiff, Clayton Mabry, hereby moves the Circuit Court of the City of Norfolk, at the courthouse thereof, for a judgment and award against, the defendants, Lowe's Home Centers, Inc. (hereinafter referred to as "Lowe's") and Cal Cartage Warehousing & Transloading, LLC. (hereinafter referred to as "Cal Cartage", for injuries sustained by the plaintiff in a forklift accident, and for reasons more specifically hereinafter set forth, to-wit:

    1.    That on the 14th day of July, 2020, the plaintiff, Clayton Mabry, was lawfully and properly upon the property of Cal Cartage Warehousing & Transloading, working utilizing a forklift to unload pallets from a Lowe's trailer/truck onsite at a location in

Suffolk, VA.

2. That at the said time and place, the defendant, Lowe's Home Centers & Cal Cartage Warehousing, owned, maintained, controlled and/or was responsible for the truck/trailer.

3. That at the said time and place, the defendant, Lowe's Home Centers & Cal Cartage Warehousing, through its agents, servants and employees, owed a duty to have the property in a reasonably safe condition and to warn the plaintiff of any unsafe conditions which the defendant knew or should have known existed on the property

4. That by reason of the negligence of the defendants, Lowe's Home Centers & Cal Cartage Warehousing, the plaintiff was placed in an unsafe situation on and/or in the property of the defendant(s) and was caused to receive serious and permanent injuries.

5. That these injuries to the plaintiff have caused and will continue to cause and will in the future cause great physical pain, mental anguish and inconvenience; have required the plaintiff to expend large sums of money for medical expenses and will require him to incur medical expenses in the future.

6. As a direct and proximate result of plaintiff's injuries, he may reasonably be expected to sustain permanent injuries in the future, and the injuries may reasonably be expected to result in disfigurement and deformity with associated humiliation and embarrassment.

WHEREFORE, plaintiff moves the Court for a judgment and award against the defendant for the sum of One Hundred and Fifty Thousand Dollars ($150,000.00), with interest and costs aforesaid.

CLAYTON MABRY

BY _____
              Of Counsel

George T. Albiston, Esquire
VA State Bar No: 22967
Christopher M. Albiston
VA State Bar No: 94637
GILBERT & ALBISTON
580 E. Main Street, Suite 330
Norfolk, VA 23510
Phone: (757)625-1011
Facsimile: (757) 625-1051
Email: george@albistonlaw.com

VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

CLAYTON MABRY,

      Plaintiff,

v.                                                                              CASE NO.:

LOWE'S HOME CENTERS

&

CAL CARTAGE WAREHOUSING & TRANSLOADING, LLC.

      Defendants.



FILED MAR 22 2021 NORFOLK CIRCUIT COURT CLERK

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PROUCTION OF DOCUMENTS TO DEFENDANT LOWE'S HOME CENTERS

Comes now the plaintiff, Clayton Mabry, by counsel, and propounds to Defendant, Lowe's Home Centers the following Interrogatories and Request for Production of Documents to be answered and responded to under oath within twenty-one (21) days from the date of service hereof, in accordance with Rule 4:8 of the Rules of the Supreme Court of Virginia.

### PREAMBLE

(1) In answering these Interrogatories, furnish all information which is available to you, including information in the possession of your attorney or investigator for your attorney and/or anyone employed or acting on your behalf (whether as agent, servant, representative, attorney, expert, investigator, accountant, insurer or otherwise) and not merely such information known of your own personal knowledge. If you cannot answer in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remaining and stating whatever information or knowledge you have concerning the unanswered portion. When an answer is made by a corporate Defendant, state the name (see following instructions) of the person providing the answer and identify the source of his or her information.

(2) Unless otherwise indicated, these Interrogatories refer to the date, time, place and/or circumstances of the occurrences referenced in the pleadings.

(3) Whenever the identity of a person is requested, state:

  a. His or her full name and "nick-name", if applicable.

  b. Home address (including zip code) and telephone number.

  c. Employment or business, including job title, business address (including zip code) and business telephone number.

  d. Social Security Number and date of birth.

  e. Race, sex and marital status.

 (4) Whenever a place or geographical location is requested, state the complete address (including zip code) of such location or information sufficient to identify said location.

 (5) "Documents" shall mean, unless otherwise indicated, all written or recorded material of any kind or character, in your possession or custody or subject to your control, including without limitation, letters, correspondence, telegrams, memoranda, reports, records, minutes, notes, contracts, agreements, files, account books, notations of telephone or personal conversations or conferences, bulletins, circulars, pamphlets, books, any material on which writing appears or from which data compilations can be made, diagrams, drawings, sketches, catalogs, ledgers, checks, check stubs, check registers, accounting records, photographs, video recordings, audio recordings, microfilm, photostats, computer generated data, computer printouts, computer discs, as well as each copy of a document where such a copy is not identical to the original.

 (6) Whenever information regarding documents is requested, state:

  a. The date on which the document was drafted.

  b. The number of pages of the document.

  c. The author(s)/signor(s) of the document.

  d. A brief description of the nature and content of the document.

  e. Identification of the addressee.

  f. The identity of the custodian of any such documents.

  g. Any other information necessary to enable the Plaintiff to identify same for purposes of a Request for Production of Documents or a subpoena duces tecum.

 In lieu of the description requested in subparagraphs "b" and "d" above, a copy of the document may be attached to the Interrogatory Answers with the appropriate reference to the specific Interrogatory to which the document pertains.

 (7) If you consider any document requested in these Interrogatories to be privileged from disclosure or otherwise exempted from production, include in the Answers to these Interrogatories

a list of documents withheld from production, identifying each document by date, addressee, author, title, subject matter and the Interrogatory to which it refers. In addition, identify those persons who have seen the document, those who were sent copies and those in possession of the document. Finally, state each ground upon which each such document is considered privileged or otherwise exempted from production.

(8) The words "identify" or "identification," when used in reference to a communication, mean to state the parties to such communication, the medium of such communication, i.e., telephonic, written correspondence, etc., the date of such communication and the subject matter and substance of each communication.

(9) These Interrogatories are continuing in character, so as to require you to file Supplemental Answers in accordance with Virginia Supreme Court Rule 4:1(e) immediately upon obtaining further or different information in which a prior response is no longer complete and/or accurate.

(10) If an objection is made to any Interrogatory, state the specific grounds and provide a complete answer to such part of the Interrogatory that is not considered objectionable.

(11) The pronoun "you" or "your" refers to the person or entity to whom these Interrogatories are propounded.

### INTERROGATORIES

1. State the full name, residential address, business address, date and place of birth and social security number of the owner(s) of this property which is the subject matter of this litigation.

**ANSWER:**


2. State the full name, residential address, business address and job title of the person answering these interrogatories on behalf of the defendants and under what authority they have been authorized to answer these interrogatories on behalf of the defendant.

**ANSWER:**


3. Identify each policy of insurance which may provide coverage to the property at

3

the time of the accident, and for each such policy state the name of the insurance company, the named insured under such policy, the policy number, the policy period, and the limits of liability coverage for personal injuries for each person and each accident covered by the policy.

**ANSWER:**

4. State the name, residential address, business address, and telephone number of all witnesses known to you, your attorney, or any other person acting in your behalf, who may have been an eyewitness to this accident.

**ANSWER:**

5. Except that set forth in Interrogatory Number 4, state the name, residential address, business address and telephone numbers of all persons known to you, your attorney, or any one acting in your behalf, who may have any information or knowledge of any facts pertaining to the happening of this accident, including, but not limited to events leading up to or following the accident, the condition of the property immediately prior to the accident or at the time of the accident, and/or damages.

**ANSWER:**

6. State the full name, residential address, business address, and telephone number of all employees of the defendant on the truck or direct premises at the time of the alleged incident.

**ANSWER:**

7. State the full name, residential address, business address and job title of any employee, agent, representative or other person acting in your behalf, who came upon the scene shortly after the accident, and the reason therefore. If an investigation was made by such person, state whether a written report of such investigation was prepared and the results of any such

investigation.

**ANSWER:**

8. For each witness identified in the preceding Interrogatories numbered 4 through 7, specifically state whether the witness will testify or has any knowledge or information with respect to one or more of the following issues: facts regarding the happening of the accident, facts leading up to the accident, facts following the accident, negligence (plaintiff or defendant), causation, damages and/or in an expert capacity.

**ANSWER:**

9. Identify all expert witnesses who you expect to call as an expert at trial, either by way of deposition or in person, and with respect to each expert state the subject manner on which the expert is expected to testify, state specifically the substance of each fact and opinion to which the expert is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

10. Set forth, in as close to verbatim content as now known to you, all oral statements made by the plaintiff regarding the occurrence giving rise to this litigation, whether made to you or your representative, or which have been made to any person other than yourself which you or your attorney are now aware. As to each such statement give the date, time and place of the statement and the names and addresses of the persons present when each statement was made.

**ANSWER:**

11. Set forth, in as close to verbatim content as you can recall, all oral statements regarding the occurrence giving rise to this litigation which you or any of your employees made at the scene of the accident, or what you may have made to any other person at any time regarding the occurrence. As to each such statement give the date, time and place of the statement and the

5

names and addresses or the person present when each such statement was made.

**ANSWER:**

12. State whether or not you or anyone acting on your behalf obtained from any person any report, statement, memorandum or testimony concerning the accident involved in this suit and, if so, state the name, address, and telephone number of the person whose statement was obtained. As to each such statement give the date, time and place of the statement, and the name, residential address, business address and telephone number of the persons present when each statement was made.

**ANSWER:**

13. State when this accident first came to the attention of the defendant or any representative of the defendant and how such accident came to your attention. Include the name, address, and telephone number of the person to whom the accident was first reported and the person who reported the accident.

**ANSWER:**

14. State in detail how this accident occurred, including, but not limited to the exact time and place of the occurrence, when any employee of the defendant was first caused to believe an accident was going to happen, what was done to avoid the accident, and what caused the accident to occur.

**ANSWER:**

15. State whether or not any complaints were made relating to the condition of the property immediately prior to the accident, and, if so, state the name, address and telephone number of the person making such complaint, the nature of the said complaint, the date, time and

6

place of the complaint, the name, address and job classification of the person to whom the complaint was made; and whether a report, record or memorandum was made of the complaint.

**ANSWER:**

16. Describe in detail all alterations or repairs made to the forklift or truck involved in this accident prior to the date of the occurrence which is the subject of this suit, including the nature and extent of such alterations or repairs, the dates of the alteration or repair, the name, address, telephone number and title of each person who made such alteration or repair, and the name, address, and telephone number under whose direction such alteration or repair was made.

**ANSWER:**

17. Describe in detail all alterations or repairs made to the forklift or truck involved in this accident since the date of the occurrence which is the subject of this suit, including the nature and extent of such alterations or repairs, the dates of the alteration or repair, the name, address, telephone number and title of each person who made such alteration or repair, and the name, address, and telephone number under whose direction such alteration or repair was made.

**ANSWER:**

18. State whether or not any operating procedures or safety rules relating to the maintenance and/or repair of the property were in effect at the time of this accident, and, if so, describe in detail the operating procedures and/or safety rules, including the name, address, and telephone number of the person having custody of such rules.

**ANSWER:**

19. State the full name, residential address, business address and telephone number of all individuals responsible for the maintenance and upkeep of the property in the vicinity where

this accident occurred for a six month period prior to the alleged accident alleged in the Complaint and as to each such individual state in detail his duties and responsibilities.

**ANSWER:**

20. Prior to or following the accident to the plaintiff were any inspections made of the forklift or truck where the accident occurred and if so state the name, residential address, business address and telephone number of the individual who made the inspections, when the inspections were made, the nature and extent of such inspections and the results of such inspections.

**ANSWER:**

21. Prior to or following the accident the plaintiff were any warnings given concerning the existence of any defect in the area where the plaintiff fell and if so state the reason the warnings were given, a description of the warnings, the name, residential address, business address and telephone number of the individual who placed or gave such warnings.

**ANSWER:**

22. State whether a claim for negligence as a result of a condition on your property has been made against you within the past year and, if so, state the name, address and telephone number of each such claimant, the name, address and telephone number of claimant's attorney, the date such claim was first made, the name of the court in which the action was filed with the case number and the name of the attorney representing you on each such occasion.

**ANSWER:**

23. Describe the physical condition of the plaintiff after the accident, as observed by

you, or that was related to you by any other person at any time subsequent to the occurrence of this accident.

**ANSWER:**

24. State what actions of the plaintiff, identifying specifically each fact, which you will rely upon in support of your contention, if any, that the plaintiff was contributorily negligent or assumed the risk in contributing to cause this accident. You should include in your answer opinions or contentions that relate to facts or the application of law to fact in accordance with Rule 4:9(e).

**ANSWER:**

25. State in detail all actions of the plaintiff, identifying specifically each fact, which you will rely upon in support of your contention, if any, that the plaintiff was not injured, was not as seriously injured as contended, or received medical treatment or charges that were not reasonable.

**ANSWER:**

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

### INSTRUCTIONS

(A) These Request for Production of Documents are continuing in character, so as to require you to follow supplemental answers in accordance with Rule 4:1(e) immediately upon obtaining further or different information in which a prior response is no longer correct or no longer true.

(B) Unless otherwise indicated, these Request for Production of Documents refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

(C) Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, his or her attorneys. When answer is made by a corporate defendant, state the name, address and title of the person supplying the information and making the affidavit, together with the source of his or her information.

(D) The pronoun "you" or "your" refers to the party to whom these Request for Production of Documents are addressed and the person mentioned in clause (d).

(E) If an objection is made to any Request for Production of Document, a response should be made to such part of the request that is not considered objectionable.

(F) "Document" means any handwritten, typewritten, printed, recorded or graphic matter however produced or reproduced, whether or not in the possession, custody or control of the defendant, and whether or not claimed to be privileged against discovery on any ground, including, but not limited to reports, records, lists, memoranda, correspondence, telegrams, schedules, photographs, sound recordings, ledgers, books of account, catalogues, checks, check stubs, brochures and written statements of witnesses or other persons having knowledge of the pertinent facts.

(G) If the defendant considers any document called for in these Request for Production of Documents to be privileged from production, then defendant must include in its answers to these Request for Production of Documents a list of documents withheld from production, identifying each document by date, addressee(s), author, title and subject matter. In addition, defendant should identify those persons who have seen the document or who were sent copies. Finally, defendant should state the ground(s) upon which each such document is considered privileged.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Every book, document or other tangible thing of any nature whatsoever which you relied on in answering Interrogatories or reviewed by you in answering Interrogatories or from which you received any information in answering Interrogatories.

   **RESPONSE:**

2. Every insurance policy for which you referred to in your answers to Interrogatories.
   **RESPONSE:**

3. Every document or other tangible thing of any nature whatsoever, regarding the investigation for which you referred to in your answers to Interrogatories.

   **RESPONSE:**

4. Every report of every nature whatsoever, including written reports of all expert witness which you identified in your Answers to Interrogatories.

   **RESPONSE:**

5. Every statement, written or recorded, made by the plaintiff.
   **RESPONSE:**

6. Every statement, written or recorded, made by any person as identified in your answers to Interrogatories.

   **RESPONSE:**

7. Every document or other tangible thing of any nature whatsoever, referring to any reports of complaints identified in your Answers to Interrogatories.

   **RESPONSE:**

8. Every document or other tangible thing of any nature whatsoever, regarding the alterations or repairs made to the property identified in your Answers to Interrogatories.

**RESPONSE:**

9. Every document or other tangible thing of any nature whatsoever, setting forth the operating or safety rules identified in your Answers to Interrogatories.

**RESPONSE:**

10. Every document or other tangible thing of any nature whatsoever, setting forth the maintenance records referred to in your answers to Interrogatories.

**RESPONSE:**

11. Every document or other tangible thing of any nature whatsoever, regarding the results of inspections referred to in your answers to Interrogatories.

**RESPONSE:**

12. Every document or other tangible thing of any nature whatsoever, setting forth any warnings identified in your answers to Interrogatories.

**RESPONSE:**

13. Every document or other tangible thing of any nature whatsoever, regarding previous lawsuits identified in your answers to Interrogatories.

**RESPONSE:**

14. Every document or other tangible thing of any nature whatsoever, which you will rely upon in support of your answer to Interrogatory number 24.

**RESPONSE:**

15. Every document or other tangible thing of any nature whatsoever, which you will rely upon in support of your answer to Interrogatory number 25.

**RESPONSE:**

16. Every book document or other tangible thing of any nature whatsoever, including

but not limited to, ex parte affidavits, statements in writing, all recorded statements which impeach or relate to the credibility of any witness who has knowledge of any facts regarding this case.

**RESPONSE:**

17. Every accident report or other document of any nature whatsoever, which may be identified as an accident report, official or unofficial, or which is kept in the ordinary course of business by the defendant.

**RESPONSE:**

18. Every photograph, mounting sheets or diagram, drawing, model or other tangible thing of any nature whatsoever, of the accident scene.

**RESPONSE:**

19. Every photograph, mounting sheet or other tangible thing of any nature whatsoever, depicting or showing the plaintiff, including, films, moving pictures or video-tapes of the plaintiff depicting the plaintiff's injuries or the seriousness of the plaintiff's injuries.

**RESPONSE:**

20. Produce all copies (excluding those produced by the plaintiff to the defendant) of any medical records or reports that defendant has received relating to the medical history and medical treatment of the plaintiff.

**RESPONSE:**

CLAYTON MABRY,

By: _____
Of Counsel

George T. Albiston (VSB #22967)
Christopher M. Albiston (VSB #94637)
GILBERT & ALBISTON
580 E. Main Street, Suite 330
Norfolk, VA 23510

13

Telephone: (757) 625-1188
Facsimile: (757) 625-1051
E-mail: george@albistonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the complaint to be served this 19th day of March, 2021.

_____
George T. Albiston